JOHN REINHARDT v. CENTRAL LARD COMPANY.

Argued June 6, 1906—Decided November 12, 1906.

Where plaintiff was injured while in defendant's employ by the fall of an elevator, caused by the breaking of an overhead shaft at the point where one end of it entered the box in which it revolved, and it appeared that the break gradually developed and could have been discovered by an inspection—which could have been made by removing the lid of the box—evidence that such inspection, though reasonably necessary, was never made was sufficient to warrant a finding of negligence on defendant's part.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the rule, *Sherrerd Depue.*

*Contra, John I. Weller.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff was in the employ of the defendant company in its factory in Jersey City. He was injured by the fall of an elevator in the factory upon which he was riding. The fall of the elevator was due to the breaking of the overhead shaft, by which it was supported. The smallest parts of the shaft were the two ends or bearings, which rested in boxes standing upon I-beams resting across the top of the elevator well. Each of these boxes consisted of two parts. The lower part, upon which the bearing end of the shaft rested, was bolted to the I-beam. The covers of the boxes were above the bearing ends of the shaft and were fixed to the lower parts by bolts and screws. These boxes practically covered the entire bearing ends of the shaft. The liability of the defendant rests upon the determination of the question whether it discharged its duty to make proper inspections and tests of the elevator from time to time. The method of inspection adopted by it was to examine the boxes at reasonable intervals to see if the bolts and screws were tight, to observe whether the shaft ran true in its bearings, and apparently to inspect so much of the latter as was outside of the boxes for the purpose of seeing that it remained in sound condition. The break occurred at the point where one end of the shaft entered the box in which it was supported and where a visual examination could not be made except by removing the cover of the box. This, the proof shows, was never done. The testimony supports the conclusion that the break was the result of a fracture, which gradually developed, and that this fracture could have been discovered in time to prevent the occurrence of the accident by removing the lid of the box in which the bearing was located. There is a good deal of testimony on the question of what was a proper method of inspecting an elevator, several of the witnesses for the defendant declaring that it was not necessary to uncover the bearings; that so long as the shaft revolved with perfect trueness no danger was to be apprehended. The witnesses produced by the plaintiff, however, as well as one of the witnesses produced by the defendant, and who had charge of the

elevators in the Postal Telegraph building, testified that an inspection was not complete unless every part of the shafting was examined, and that it was just as necessary to examine the bearings of the shaft as any other part of it.

The verdict of the jury shows that in their judgment the failure of the defendant to have the bearings examined by removing the covers of the boxes was a failure to make a proper inspection, and to that failure the accident was due. Such a finding does not seem to us to be against the weight of the evidence, and the verdict should not be disturbed on that ground. Nor do we think the amount of the verdict ($7,500) will justify interference by the court. Although the sum is large, yet if the testimony of the experts submitted on the part of the plaintiff is to be believed, his injuries are not only very severe, but are permanent in their character. The jury evidently accepted the views expressed by these experts as to the effect of the accident upon the plaintiff as correctly expressing his physical condition, and we cannot say that they were not justified in so finding, nor that, having so found, the amount awarded by them as damages was excessive.

The rule to show cause should be discharged.